## STATE OF VERMONT *v.* BYRON H. COLLINS.

*Perjury in the making of chattel mortgage. Necessary aver-*
*ment in indictment.*

1. An indictment for perjury in the making of a chattel mortgage must directly aver that the respondent *did* make such a mortgage. It is not enough to allege that he intended to defraud his creditors "by giving a mortgage, etc."
2. It must be averred that the mortgagee subscribed and took the oath. Otherwise the mortgage might be merely a common law mortgage, to which no oath is necessary and hence not required by law.
3. If the count alleges that the respondent made the mortgage with intent to defraud his creditors, it must further appear that the mortgaged property was not exempt from attachment; inasmuch as his creditors could not be defrauded by a mortgage of personal property which they could not reach.

This was an indictment in three counts, charging the respond-ent with perjury in the making of the oath to a chattel mortgage in the form prescribed by statute. The respondent filed a gen-eral demurrer. The court, at the September Term, 1889, Tyler, J., presiding, overruled the demurrer, *pro forma,* and the respondent excepted.

It was conceded by the prosecution that the affidavit was sub-scribed by the respondent at Sutton, in the Dominion of Canada, and taken by him to the magistrate at Richford, in the county of Franklin, with the request that he certify the oath, which he accordingly did ; that in fact no oath was ever administered. Upon the face of the papers the oath appeared to have been reg-

ularly taken. Whether the respondent could show these facts, and whether, being shown, they were a defense to this prosecution, was the question discussed by counsel. The grounds on which the case was disposed of sufficiently appear in the opinion.

*Cross & Start,* for the respondent.

*A. K. Brown,* State's Attorney, for the State.

The opinion of the court was delivered by

POWERS, J. This case was heard upon a general demurrer to the indictment, which contains three counts.

We think each count in the indictment is defective in substance.

The first count does not in terms aver the making of a chattel mortgage. It avers that the respondent, " wilfully intending to cheat and defraud his creditors by giving a mortgage, etc." There is no averment that he *did* give a mortgage except as we infer it. As the perjury assigned was committed in the execution of a chattel mortgage, it is essential that the execution of the chattel mortgage be precisely and definitely alleged.

The second count, like the first, declares the purpose of the respondent to defraud his creditors by executing a chattel mortgage to Willie H. Collins. In this count it is averred that the respondent fraudulently caused a mortgage of *certain personal property* to be made, etc. He could not defraud his creditors by mortgaging certain personal property, unless it be such property as his creditors could reach. Nothing is disclosed in this count inconsistent with the inference that this certain personal property was exempt from attachment, and we are not to infer a criminal conveyance of property unless the indictment, on its face, discloses its criminal character.

In the third count the allegation of a purpose to defraud creditors is omitted. No wrong motive in executing the mortgage is charged. It avers that the respondent made and executed a mortgage of personal property to Willie H. Collins, and then proceeds to aver that he swore falsely respecting the debt, and concludes with the averment that said mortgage was not made

State of Vermont *v.* Collins.

to secure an honest debt to Willie H. Collins, but *for some other purpose.* What the *other purpose* was is not disclosed.

The statute under which this indictment was drawn provides that perjury may be predicated in cases where an oath is required by law. A mortgage of personal property is good at common law between the parties without any of the formalities prescribed for a statutory chattel mortgage. Merely charging that the respondent executed a mortgage of personal property does not charge that such mortgage was a statutory one, requiring the formalities provided for by the statute. One of such formalities is the execution of an affidavit, to be sworn to by both mortgagee and mortgagor. The count avers " that in the execution of said mortgage the hereinafter mentioned affidavit became and was necessary, pertinent and material."

It then proceeds to charge that the respondent made oath to a certain affidavit, reciting certain facts which the count declares to be false. There is no allegation that the mortgagee executed this affidavit. Hence the count does not disclose the execution of a statutory chattel mortgage, and therefore does not show that the false oath taken by the respondent was one required by law.

The indictment is bad, therefore, in each count. The indictment is open to other objections, but those pointed out are sufficient for the purposes of this demurrer.

We have not considered the question discussed in argument as to the formalities required under our chattel mortgage act to constitute the taking of the oath required by the statute. The decision of that question is fraught with grave consequences, especially if it be held that the customary ceremony used in courts must be substantially observed. That great laxity and great carelessness exist in practice we can easily believe, but how far such laxity would be held fatal, we leave for consideration hereafter.

*Judgment reversed, and judgment that the demurrer be sustained and the indictment held insufficient.*